```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 05-61783-CIV-COHN
                              MAGISTRATE JUDGE P. A. WHITE

MICHAEL ADEKUNLE,             :

       Plaintiff,             :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
WILLIAM GARRISON,             :

       Defendant.             :
_____/
```

The plaintiff, Michael Adekunle, who was serving a state sentence at the time he filed the complaint, filed a pro se civil rights complaint for damages pursuant to 42 U.S.C. §1983, claiming that he was falsely arrested and maliciously prosecuted by Broward County Sheriff's Deputy William Garrison.  Following initial screening of the complaint, the lawsuit proceeded against defendant Garrison solely on the claim of malicious prosecution.  (DE#s 6 and 9).

This Cause is before the Court upon the defendant's motion for summary judgment and exhibits in support thereof.  (DE#s 18, 19, and 20).  Although the plaintiff was ordered to respond on or before October 17, 2006 (DE# 21), the plaintiff has not done so. The time for filing the response has expired, and this matter is ripe for review.

After careful consideration of the motion and documents in support thereof, the relevant case law, and the record as a whole, and for the reasons stated below, it is recommended that the defendant's motion for summary judgment (DE# 18) be granted and the case dismissed.

The defendant seeks summary judgment on the grounds that 1) the claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), 2) the plaintiff fails to state a cause of action for malicious prosecution, and 3) the defendant is entitled to qualified immunity.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted)

When reviewing a motion for summary judgment, the Court should consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11 Cir. 1997). In assessing whether the movant has met its burden, the Court should view the evidence and

all factual inferences therefrom in the light most favorable to the party opposing the motion and all reasonable doubts about the facts should be resolved in favor of the non-movant.  See Denney v. City of Albany, 247 F.3d 1172, 1181 (11 Cir. 2001).[1]

The moving party has the burden to establish the absence of a genuine issue as to any material fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Allen v. Tyson Foods, Inc., 121 F.3d 646.  Once the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law, the burden shifts to the non-movant to come forward with a response setting forth "specific facts" showing that there is a genuine issue for trial.  Thus, the party opposing summary judgment may not rest upon the mere allegations or denials of the pleadings, but must present sufficient evidence favoring the non-moving party for a jury to return a verdict in favor of that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249.  Conclusory allegations will not suffice to create a genuine issue of material facts.  See Leigh v. Warner Brothers Inc., 212 F.3d 1210, 1217 (11 Cir. 2000).

In order to state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate that a specific federal constitutional right was violated.  See Whiting v. Traylor, 85 F.3d 581, 583 (11 Cir. 1996).

---

[1] There must be more than a scintilla of evidence; there must be "substantial conflict in evidence to support a jury question." Tidewell v. Carter Prods., 135 F.3d 1422, 1425 (11 Cir. 1998), quoting Carter v. City of Miami, 870 F.2d 578, 581 (11 Cir. 1989). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, 121 F.3d at 646; accord Denney v. City of Albany, 247 F.3d at 1181. "At the summary judgment stage, [the plaintiff bears] the burden of coming forward with sufficient evidence to create genuine issues of material fact regarding each of th[e] elements [of the prima facie case]." Harris v. H&W Contracting Co., 102 F.3d 516, 523 (11 Cir. 1996).

An allegation of malicious prosecution arises under the Fourth Amendment. Id. at 585. In order to establish a federal malicious prosecution claim, a plaintiff must prove both the elements of the common law tort of malicious prosecution, and a violation of the Fourth Amendment right to be free from unreasonable seizures. Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11 Cir. 2004), citing Wood v. Kessler, 323 F.3d 872, 881 (11 Cir. 2003), cert. denied, 540 U.S. 879 (2003). The common law tort of malicious prosecution is proven in Florida when the plaintiff demonstrates six elements, as follow: "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." Id. citing Durkin v. Davis, 814 So.2d 1246, 1248 (Fla. 2nd Dist. 2002)

The defendant maintains that the plaintiff cannot prove that he was unlawfully seized, that there was a complete termination in his favor, that there was no probable cause for his arrest, or that he sustained damages. The defendant's probable cause argument is persuasive.

The plaintiff alleges in his complaint that he was arrested on April 22, 2000, by defendant Garrison. He relates that Garrison responded to a call that a stolen vehicle was being stripped. At that time, Adekunle states tat he was talking with two friends in

4

Brandon Smith's front yard.  When the conversation ended, he walked toward his car, but was stopped by defendant Garrison.  He alleges that Garrison forced him to sit down on some steps and then questioned him about the stripped vehicle.  He claims that he complied, but told Garrison that he did not know anything about the vehicle.  He alleges that Garrison learned that there were no outstanding warrants for Adekunle's arrest, but he handcuffed him and detained him nevertheless.

He states that at some point, cocaine was discovered between the seats of the car in which he and his friend Brandon were detained.  Both denied knowledge of the drugs, and their fingertips were tested for the presence of cocaine.  The test was negative. At some point during the encounter, Garrison allegedly learned that Adekunle was on probation and had recently been released from prison.  Adekunle alleges that Garrison then charged him with multiple offenses, including auto theft, possession of cocaine, three capias misdemeanors, burglary of a conveyance, and one count of violation of probation (which is non-bondable).  According to Adekunle, all except the charge of burglary of a conveyance and possession of cocaine were *nolle prosse'd* prior to arraignment.  He proceeded to trial on the remaining charges and was acquitted.  He lists the evidence Garrison identified in police reports and arrest affidavits and maintains that most of it was fabricated.

Garrison counters that there was not only probable cause for Adekunle's arrest, but that the finding that he had violated probation based upon the conduct for which he was arrested precludes judgment in his favor and he has suffered no damages.

5

Garrison further argues that he is entitled to qualified immunity.

Among the exhibits submitted by Garrison are the probable cause affidavit prepared by him and testimony from the probation revocation hearing. Garrison states in the probable cause affidavit that on April 22, 2000, he was approached by Robert Griffin, who advised that several people were stripping a vehicle next to his house. When Garrison arrived on the scene, he observed three males flee from the car to the back of the house, including Adekunle. Adekunle and Brandon Smith walked back toward Garrison, and were told to sit while an investigation was conducted.

Garrison contacted the owner of the vehicle, who advised that it was missing from in front of his house. The witness Robert Griffin identified both Adekunle and Smith as two of the men he had seen inside of the vehicle removing items. Adekunle and Smith were arrested and placed in Garrison's patrol car. Garrison was suspicious of Adekunle because he had dirt and grease on his hat and shirt. He also had several cassette tapes in his pockets, and there were cassette tapes on the floorboard of the stripped vehicle and the owner advised that they were his. Additionally, Adekunle had nine crack cocaine rocks wrapped inside a blue handkerchief. Garrison determined that he therefore had probable cause to arrest Adekunle for, *inter alia*, possession of a stolen motor vehicle, possession of cocaine, burglary of a conveyance, and violation of probation.

A warrant for violation of probation was subsequently issued, charging Adekunle with 1) grand theft automobile, 2) burglary of a conveyance, 3) possession of cocaine on April 22, 2000, 4) asso-

ciating with a person engaged in criminal activity, 5) failing to pay court costs, 6) failing to pay restitution, and 7) possession with intent to distribute cocaine on March 8, 2000.

Following a hearing at which Adekunle and several other witnesses testified, the Court found that the State had proven by the greater weight of the evidence that Adekunle violation probation based upon allegations one, two, and three, all resulting from the arrest effected by defendant Garrison. While the Court found the evidence sufficient to prove a violation of probation, a jury found the evidence insufficient to prove Adekunle's guilt beyond a reasonable doubt, and he was subsequently acquitted of the charges.

Nevertheless, the finding of a violation probation means that the Court determined that there was more than probable cause, that is a preponderance of the evidence, to prove that Adekunle committed the crimes for which he was arrested. See Griffin v. Florida, 603 So.2d 48 (Fla. 1st DCA 1992). Thus, Adekunle cannot show that he was the victim of malicious prosecution, because there was probable cause for his arrest and the arrest did not result in a bona fide termination of the proceedings in his favor.

Moreover, because the arrest and prosecution were lawful, Adekunle has not demonstrated that his clearly established constitutional rights were violated. Thus, defendant Garrison is entitled to qualified immunity.[2]

---

[2] When evaluating a claim of qualified immunity, the Court must consider two factors: 1) whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right; and 2) if so, whether the right was clearly established.

It is therefore recommended that the defendant's motion for summary judgment (DE# 18) be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed in chambers at Miami, Florida, this 8th day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Michael Adekunle, Pro Se
    806 W. Tiffany Drive, Apt. 2
    West Palm Beach, FL 33301

    Robert D. Yates, Esq.
    Carter, Schwartzreich & Yates
    1225 S.E. 2nd Avenue
    Fort Lauderdale, FL 33316

---

Saucier v. Katz, 533 U.S. 194 (2001). The plaintiff must show that the defendant violated clearly established law based upon objective standards. Eubanks v. Gerwen, 40 F.3d. 1157, 1160 (11 Cir. 1994). For qualified immunity to be denied, pre-existing law must compel the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law. See McMillian v. Johnson, 88 F.3d 1554, 1562, amended on other grounds, 101 F.3d 1363 (11 Cir. 1996), cert. Denied. 521 U.S. 1121 (1997).