UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61783-CIV-COHN

MICHAEL ADEKUNLE,

Magistrate Judge White

    Plaintiff,

vs.

WILLIAM GARRISON,

    Defendant.
_____/

**FINAL ORDER OF DISMISSAL**

THIS CAUSE is before the Court upon the Report and Recommendation [DE 23] of Magistrate Judge Patrick A. White on Defendant's Motion for Summary Judgment [DE 18]. The Court notes that the Plaintiff, Michael Adekunle, has not filed any objections to the Report and Recommendation, and that the time for filing such objections passed on December 1, 2006.

I. BACKGROUND

Though Plaintiff did not file timely objections to the Report and Recommendation, the Court has conducted a de novo review of the report and recommendation, and is otherwise fully advised in the premises. Plaintiff's claim for malicious prosecution against Defendant Officer Garrison survived initial screening of his complaint. Garrison has moved for summary judgment on grounds that Plaintiff did not have a favorable resolution of his underlying case, that he fails to state a claim, and that defendant is entitled to qualified immunity. Magistrate Judge White concluded that Plaintiff cannot show a lack of probable cause, because although Plaintiff was acquitted of the criminal charges initiated by Officer Garrison, Plaintiff was found guilty of a probation violation for those charges. In addition, Judge White concluded that

Defendant Garrison has qualified immunity.

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or

2

denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B.  Malicious Prosecution under 42 U.S.C. § 1983

A malicious prosecution claim under Section 1983 requires proving the state law elements for the civil rights tort of malicious prosecution as well as a violation of the Fourteenth Amendment right to be free from unreasonable searches.  Under Florida law in order to recover on a claim of malicious prosecution, the plaintiff must prove six separate elements: (1) the commencement or continuation of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against the plaintiff; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff.  Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla. 3d DCA 1982); Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412 (Fla. 4th DCA), *cert. denied*, 388 So.2d 1119 (Fla.1980).

In this case, after a period of discovery, Defendant moved for summary judgment. Plaintiff did not respond to the Defendant's motion. Nonetheless, Magistrate Judge White analyzed the issues and concluded that summary judgment is appropriate. This Court agrees with the reasoning and analysis of Judge White that the finding of a violation of probation on the testimony of Defendant Garrison and other witnesses means that probable cause existed, negating an element of the malicious prosecution claim. Because there was probable cause for Plaintiff's arrest, he cannot establish that Defendant Garrison's conduct violates clearly established constitutional rights. Thus, summary judgment is appropriate on grounds of failure to state a claim and qualified immunity.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 23] is hereby **ADOPTED**;

2. Defendant's Motion for Summary Judgment [DE 18] is hereby **GRANTED**;

3. The Court will separately enter summary judgment for Defendant.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of December, 2006.

JAMES I. COHN
United States District Judge

copies to:
Michael Adekunle, pro se
806 W. Tiffany Dr., Apt. 2
West Palm Beach, FL 33407-3251

Robert D. Yates, Esq.

4